IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHAWALTO WATTS,  Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION: 2:19-00907-KD-B |
| SMP AUTOMOTIVE,  Defendant. | ) ) ) | |
| SHAWALTO WATTS,  Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION: 2:19-00908-TFM-B |
| NORTH AMERICA ONSITE,  Defendant. | ) ) ) | |
| SHAWALTO WATTS,  Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION: 2:19-00909-TFM-B |
| TEAM SOLUTIONS,  Defendant. | ) ) ) | |

**ORDER**

This action is before the Court on Defendants' joint motion to consolidate and transfer (Doc. 10).

Specifically, on October 31, 2019, Watts initiated this action for race and color discrimination against the Defendants in the above-referenced three (3) actions. Watts' claims stem from his employment with Defendants while working at the Cottondale, AL (Tuscaloosa County, AL) facility. As relief, Watts seeks reinstatement.

Presently, Defendant moves to consolidate these three (3) actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, which states as follows:

> If actions before the court involve a common question of law or fact, the court may:
> (1) Join for hearing or trial any or all matters at issue in the actions;
> (2) Consolidate the actions; or
> (3) Issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). The Eleventh Circuit has explained that:

1

> … Rule 42(a) codifies the district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal citations omitted). A trial court's decision to consolidate suits is discretionary. Id.
>
> ... a trial court weighs several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

Blitz Telecom Consulting, LLC v. Peerless Network, Inc., 2018 WL 1151253, *6-7 (11th Cir. 2018).

Upon consideration, Court finds that the three (3) actions involve common questions of law or fact, as all of the actions involve race and color discrimination claims stemming from Watts' employment with Defendants at the Cottondale, AL facility, as well as seek the same relief (reinstatement). Additionally, as to risk of prejudice and confusion, the cases are at the same stage of litigation such that the risks of prejudice and confusion with consolidation are minimal. Moreover, keeping three (3) separate actions would create a burden on the parties, witnesses, and the court, as well as extend the length of time and the expenses necessary to resolve Watts' claims. Further, consolidation of these actions avoids the potential for inconsistent verdicts with regard to Watts' claims.

As such, it is **ORDERED** that Defendants' joint motion to consolidate and transfer (Doc. 10) is **GRANTED IN PART** as to consolidation, such that Civil Action 2:19-00908-TFM-B and Civil Action 2:19-00909-TFM-B are **CONSOLIDATED** with Civil Action 2:19-00907-KD-B, and the action shall proceed under Civil Action 2:19-00907-KD-B.  To effectuate consolidation, the Clerk is **DIRECTED** to extract any documents deemed appropriate from Civil Actions 2:19-00908-TFM-B and 2:19-00909-TFM-B, make those documents part of Civil Action 2:19-00907-KD-B, and close Civil Actions 2:19-00908-TFM-B and 2:19-00909-TFM-B.

The parties are **DIRECTED** to file all future documents in Civil Action 2:19-00907-KD-B.

**DONE** and **ORDERED** this the **6th** day of **March 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**